IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| PEDRO JIMENEZ; ESTANISLAO RIOS;<br><br>*individually and on behalf of themselves and others similarly situated*,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>J A G CONTRACTORS INC;<br>JOSUE GUZMAN;<br>HENSEL PHELPS DEVELOPMENT, L.L.C.<br><br>　　　　*Defendants*. | Civil Action No.:  1:22-cv-00994 |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

　　　　1.　　　　Wage theft and worker misclassification are rampant in the construction industry in the District of Columbia area.  By failing to pay workers in accordance with the law, employers deny their employees lawful wages and benefits while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation.   Defendants have engaged in numerous forms of wage theft, including failing to pay employees all owed wages, failing to pay overtime, and improperly classifying employees as independent contractors.

　　　　2.　　　　Plaintiffs Pedro Jimenez and Estanislao Rios (together, "Plaintiffs") by and through their undersigned counsel, bring this action on behalf of themselves and others similarly situated against Defendants JAG Contractors Inc. ("JAG"), Josue Guzman, and Hensel Phelps Development, L.L.C. ("Hensel Phelps") for violations of the Fair Labor Standards Act of 1938

(the "FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, the Maryland Wage and Hour Law (the "MWHL"); the Maryland Wage Payment and Collection Law (the "MWPCL") and the Maryland Workplace Fraud Act (the "MWFA").

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337(a) relating to "any civil action or proceeding arising under an Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

4.  This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As discussed below, Plaintiffs' state-law claims arise from a common set of operative facts—*i.e.,* their employment by Defendants—and are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

6.  Plaintiff Pedro Jimenez is a resident of Virginia and was employed by Defendants JAG and Guzman as a construction worker at various locations, including the Bethesda Marriott Project.

7. Plaintiff Estanislao Rios is a resident of Virginia and was employed by Defendants JAG and Guzman as a construction worker at various locations, including the Bethesda Marriott Project.

8. Defendant JAG Contractors is a construction company based in Virginia that engages in the construction business in Maryland, Virginia, and the District of Columbia.

9. Defendant Josue Guzman is the principal and owner of JAG Contractors. Mr. Guzman is a resident of Virginia.

10. Defendant Hensel Phelps Development, L.L.C. ("Hensel Phelps") is a general contractor based in Colorado that engages in the construction business in Maryland, Virginia, and the District of Columbia, among other places. On information and believe Hensel Phelps sometimes operates through subsidiaries or affiliates. This lawsuit seeks relief from any entity affiliated with or controlled by Hensel Phelps to the extent that such entity may be liable to Plaintiffs.

11. Defendants JAG and Hensel Phelps are enterprises whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

12. Defendants JAG and Hensel Phelps are companies with employees involved in interstate commerce, including by regularly performing work on construction projects in Maryland, Virginia and other states, by purchasing and using materials produced and transported in interstate commerce in construction projects, by regularly using interstate payment systems to make and receive payments relating to construction projects, and by regularly using interstate means of communications to facilitate work on construction projects.

## FACTUAL ALLEGATIONS

13. During at least the three-year period prior to the date of the filing of this Complaint, Defendant JAG Contracting has worked at numerous construction projects in Maryland, Virginia, and the District of Columbia. These job sites include a multi-year project at the Bethesda Marriott Project (the "Project") located at 7707 Woodmont Avenue in Bethesda, Maryland.

14. Defendant Hensel Phelps was the General Contractor on the Project.

15. Defendant Hensel Phelps subcontracted some work on the Project to Defendant JAG Contractors ("JAG").

16. Defendant JAG is owned and operated by Defendant Josue Guzman.

17. Plaintiff Rios worked for Defendant JAG from approximately 2019 through 2021. Plaintiff Rios worked on the Bethesda Marriott Project.

18. Plaintiff Jimenez worked for Defendant JAG from approximately 2021 through 2022. Plaintiff Rios worked on the Bethesda Marriott Project.

19. Defendants did not properly pay Plaintiffs and others similarly situated in a number of ways.

20. Plaintiffs and others similarly situated typically worked Monday through Saturday, eight hours per day, forty-eight hours per week. However, Plaintiffs were never compensated with an overtime premium for their hours even when they worked over forty hours in any one workweek.

21. Additionally, Defendants did not compensate Plaintiffs and others similarly situated for all hours worked. For example, Plaintiff Jimenez did not receive his final paycheck and Plaintiff Rios did not receive his final two paychecks.

22. Defendants have designated Plaintiffs and other similarly situated individuals as independent contractors, but they are in fact employees.

23. Defendants set Plaintiffs' schedules. Defendants determined the days and hours that Plaintiffs and others similarly situated needed to be at each worksite.

24. Defendant Josue Guzman had the authority to make decisions regarding the terms and conditions of employment of Plaintiffs and others similarly situated, including their rates of pay, schedule, and whether to hire or fire such workers.

25. The services of Plaintiffs and other similarly situated individuals were and are directed and controlled by Defendants.

26. Plaintiffs and others similarly situated were and are supervised directly by Defendants.

27. Defendants provided Plaintiffs and other similarly situated individuals their daily work assignments and directed, supervised, and controlled Plaintiffs' day-to-day work.

28. Defendants maintained a record of the hours worked by Plaintiffs and other similarly situated individuals.

29. The work performed by Plaintiffs and other similarly situated individuals are within the usual course of Defendants' businesses. Plaintiffs were not engaged in work that is customarily an independently established trade, and Plaintiffs were not exempt employees.

30. Defendants were employers of each Plaintiff and others similarly situated. The employer-employee relationship existed for reasons that included the following: Defendants supervised, directed, and controlled the work of each Plaintiff, set Plaintiffs' schedules, had the power to hire and fire Plaintiffs and others similarly situated, determined Plaintiffs' rate of pay, and maintained employment time records of Plaintiffs and others similarly situated.

31. One or more Defendants were required by law to maintain accurate records of the wages paid and hours worked. Such records, if maintained, will document in detail the work by Plaintiffs and others similarly situated that was not properly compensated. Such records are in the exclusive control of Defendants.

32. For the claims under MWPCL, as the employer and/or general contractor of the subcontractor that employed Plaintiffs, Defendants are jointly and severally liable for Plaintiffs' unpaid wages.

33. At all relevant times, Plaintiffs' work activities were within Defendants' usual course of business, as defined by Md. Code, Lab. & Empl. Art. § 3-903(c)(2).

34. At all relevant times, Plaintiffs' work activities were integral to Defendants' usual course of business of providing construction services.

35. At all relevant times, Plaintiffs were legally presumed to be employees of Defendants, pursuant to Md. Code, Lab. & Empl. Art. § 3-903(c).

36. No qualifying written contract ever existed between Defendants and Plaintiffs pursuant to Md. Code, Lab. & Empl. Art. § 3-903.1(1)(i).

## COLLECTIVE ACTION ALLEGATIONS

37. This action is maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

38. Defendants failed to pay Plaintiffs and all others similarly situated for all hours worked, and failed to pay Plaintiffs one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek, as required by the FLSA.

39. This action can, and should, be maintained as a collective action for all claims that can be redressed under the FLSA.

40. For those claims that can be certified as a collective action, Plaintiffs seek certification of these claims on behalf of all workers who were paid by Defendant JAG or Defendant Josue Guzman and who worked on the Project, did not receive payment for all hours worked, or who were not compensated with one-and-a-half times their regular rate of pay for hours worked in excess of forty in any one workweek, at any time from the earliest date permitted by law until the date of judgment.

41. Members of the proposed collective action are similarly situated. Members of the proposed collective action have been subjected to the same or substantially the same payment policies and practices. The identities of the members of the proposed collective action are known to Defendants and can be located through Defendants' records.

42. Plaintiffs hereby consent to be party plaintiffs in this action under 29 U.S.C. § 216(b). If this case does not proceed as a collective action, Plaintiffs intend to seek relief individually.

## CLASS ACTION ALLEGATIONS

43. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and those similarly situated, for violations of the MWHL, MWPCL, and the MWFA to enjoin Defendants' unlawful conduct and to recover damages, interest, attorneys' fees, costs, and all other relief as appropriate for Defendants' willful and statutory violations. The "Proposed Rule 23 Class" consists of: Plaintiffs and all other persons who are or have worked on the Project and were paid by Defendant JAG or Defendant Josue Guzman and (1) have not been paid for all hours worked; or (2) have not been compensated at a time-and-a-half overtime rate for all hours worked over forty in any one workweek; or (3) have been misclassified as independent contractors rather than employees.

44. The duties and responsibilities of the jobs held by the Proposed Rule 23 Class were the same as or substantially similar to the duties and responsibilities of the Plaintiffs.

45. Plaintiffs' claims are typical of the claims of the Proposed Rule 23 Class because they are or were subject to the same unlawful payment practices as described in this Complaint.

46. Plaintiffs are adequate representatives of the Proposed Rule 23 Class because Plaintiffs and the Proposed Rule 23 Class are challenging the same practices, and there are no known conflicts of interest between Plaintiffs and the members of the Proposed Rule 23 Class. Plaintiffs have retained counsel who have extensive experience with the prosecution of wage-and-hour claims and complex class-action litigation.

47. Members of the Proposed Rule 23 Class are readily ascertainable. The identity of class members may be determined from Defendants' records.

48. The Proposed Rule 23 Class meets all the requirements of Rule 23(a) and (b)(3):

    a. Numerosity: Upon information and belief, there are forty or more individuals that have been subjected to the challenged practices. Therefore, joinder of all class members would be impracticable.

    b. Commonality: Plaintiffs and all members of the Proposed Rule 23 Class have been compensated pursuant to the unlawful practices alleged herein and, therefore, one or more questions of law or fact are common to the Proposed Rule 23 Class. These common questions include, but are not limited to, the following:

        i. Whether Defendants' wage theft policies and practices as set forth in this Complaint occurred as alleged

        ii. Whether Defendants' policies and practices constitute violations of the MWHL, MWPCL, and the MWFL

       iii.    Whether Class Members are entitled to relief as requested in this Complaint

c. Typicality: Plaintiffs and members of the Proposed Rule 23 Class were subjected to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and damages. All class members were subjected to materially similar compensation practices by Defendants, as alleged herein, and were denied lawfully owed payments and misclassified as independent contractors. Plaintiffs' claims are therefore typical of the claims that could be brought by any member of the Proposed Rule 23 Class, and the relief sought is typical of the relief that could be sought by each member of the Proposed Rule 23 Class in separate actions.

d. Adequacy of Representation: Plaintiffs are able to fairly and adequately protect the interests of all members of the Proposed Rule 23 Class, as they are challenging the same practices as the Proposed Rule 23 Class as a whole, and there are no known conflicts of interest between Plaintiffs and the members of the Proposed Rule 23 Class. Plaintiffs have retained counsel who have extensive experience with the prosecution of wage-and-hour claims and complex class-action litigation.

e. Predominance and Superiority: The common questions identified above predominate over any individual issues. A class action is superior to individual adjudications of this controversy. Pursuit of this action as a class would provide an efficient mechanism for adjudicating the claims of Plaintiffs and the members of the Proposed Rule 23 Class.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA) – OVERTIME
**(Against Defendants JAG and Josue Guzman)**

49. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

50. The FLSA requires employers to pay non-exempt employees for all hours worked and an overtime premium of one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

51. Defendants JAG and Josue Guzman violated the FLSA by knowingly failing to pay Plaintiffs and other similarly situated individuals for all hours worked and one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

52. Plaintiffs were "employees" and Defendants JAG and Josue Guzman were their "employers" under 29 U.S.C. § 203.

53. Defendants JAG and Josue Guzman's violations of the FLSA were repeated, knowing, willful, and intentional.

54. Defendants JAG and Josue Guzman are liable to Plaintiffs, and all other similarly situated individuals, under the FLSA, 29 U.S.C. § 216(b), for all unpaid wages and unpaid overtime wages, plus an equal amount in liquidated damages, attorney's fees, litigation expenses, costs, and any other and further relief this Court deems appropriate.

## COUNT II
### VIOLATION OF MWHL MINIMUM WAGE AND OVERTIME PROVISIONS
**(Against Defendants JAG and Jose Guzman)**

55. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

56. Plaintiffs and the Class Action Members are employees and entitled to the MWHL's protections.

57. Defendants are employers covered by the MWHL and are and were employers of Plaintiffs and the Proposed Rule 23 Class.

58. For hours worked under forty in any one workweek, the MWHL entitles employees to minimum hourly compensation of $10.10 per hour for work from July 1, 2018 to December 31, 2019, $11.00 per hour for work from January 1, 2020 to December 31, 2020, $11.75 per hour from January 1, 2021 to December 31, 2021, and $12.50 per hour beginning on January 1, 2022.  Md. Code, Lab. & Empl. Art. §§ 3-413.

59. The MWHL further requires employers to pay employees an overtime wage of at least 1.5 times the usual hourly wage for hours worked over 40 in a week.  Md. Code, Lab. & Empl. Art. §§ 3-415.

60. Defendants failed to pay Plaintiffs and others similarly situated for all hours worked and one-and-one-half times their regular hourly rate for hours worked in excess of 40 in any one workweek.

61. Defendants are liable to Plaintiffs and the Class Action Members for all unpaid wages and overtime wages, plus liquidated damages, plus interest, attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
### VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION LAW
**(Against All Defendants)**

62. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

63. Plaintiffs and the Class Action Members are employees and entitled to the MWPCL's protections.

64. Defendants are employers covered by the MWPCL and are and were employers of Plaintiffs and the Class Action Members.

65. Under the MWPCL § 3-502, Defendants were required to pay Plaintiffs and Class Members all wages due for work performed.

66. For each hour worked, Defendants were required to pay Plaintiffs the wages they were promised, or, for qualifying hours, the overtime rate that they were entitled to pursuant to state and federal law.

67. Defendants failed to timely pay Plaintiffs and Class Members their required wages for all hours worked, in violation of the MWPCL § 3-502.

68. Under the MWPCL, "a general contractor on a project for construction services is jointly and severally liable for a violation of this subtitle that is committed by a subcontractor, regardless of whether that subcontractor is in a direct contractual relationship with the general contractor." MWPCL § 3-507.2

69. Defendants are jointly and severally liable to Plaintiffs and the Class Members under the MWPCL § 3-507.2 for three times their unpaid wages, interest, attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
## VIOLATION OF MARYLAND WORKPLACE FRAUD ACT
### (Against Defendants JAG and Josue Guzman)

70. Plaintiffs were employed by Defendant JAG for "construction services" within the meaning of the MWFA, Md. Code, Lab. & Empl. Art. § 3-901 *et seq*.

71. Defendant JAG was an "employer" of Plaintiffs within the meaning of the MWFA, Md. Code, Lab & Empl. Art. § 3-901.

72. The MWFA forbids employers from misclassifying employees as independent contractors. Md. Code, Lab & Empl. Art. § 3-903.

73. Defendant JAG violated the MWFA by knowingly classifying Plaintiffs as independent contractors.

74. As a result of Defendant JAG's misclassification, Plaintiffs were not paid an overtime premium for hours worked in excess of 40 in any one workweek and did not receive other benefits and protections attributable to employees.

75. For their violations of the MWFA, Defendant JAG is liable to Plaintiffs and similarly situated employees for unpaid overtime wages and other damages resulting from the misclassification, plus an equal amount to two times the unpaid wages as damages, plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that the Court:

1. Declare this action to be maintainable as a collective action pursuant to the FLSA and direct Defendants to provide to Plaintiffs a list of all Collective Action Members,

including the last known address, telephone number, and e-mail address of each such person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it.

2. Determine the damages sustained by Plaintiffs as a result of Defendants' willful and intentional violations of the FLSA, 29 U.S.C. § 207(a) and award such damages against Defendants in favor of Plaintiffs and all similarly situated individuals, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law;

3. Declare this action to be maintainable as a Class Action as to the claims brought under the Maryland laws pursuant to Fed. R. Civ. P. 23;

4. Determine the damages sustained by Plaintiffs and Class Members during the Class Period as a result of Defendants' violations of the MWHL, the MWPCL, and the MWFA and award all appropriate damages resulting therefrom to Plaintiffs and Class Members;

5. Award Plaintiffs their costs and disbursements of this suit, including, reasonable attorneys' fees and other associated costs; and

6. Grant Plaintiffs and all similarly situated individuals such other and further relief as this Court may deem just and proper.

Dated: August 31, 2022  
Respectfully submitted,

/s/ Rachel Nadas  
Rachel Nadas, VSB # 89440  
Matthew K. Handley (*pro hac vice forthcoming*)  
HANDLEY FARAH & ANDERSON PLLC  
200 Massachusetts Avenue, NW – Seventh Floor

Washington, DC  20001
Telephone:     202-899-2991
email: rnadas@hfajustice.com

Matthew B. Kaplan, VSB # 51027
THE KAPLAN LAW FIRM
1100 N Glebe Rd, Suite 1010
Arlington, VA 22201
(703) 665-9529
mbkaplan@thekaplanlawfirm.com

*Attorneys for Plaintiffs*