IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PEDRO JIMENEZ, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> J A G CONTRACTORS, INC., *et al.*, <br><br> *Defendants*. | Case No.: 1:22-cv-00994 (MSN/JFA) |

**Plaintiffs' Unopposed Motion to Partially Lift Stay and for Approval of Settlement**

  This is a collective and individual action brought under the federal Fair Labor Standards Act ("FLSA") and Maryland wage and hour law. Plaintiffs allege that Defendants failed to comply with applicable wage and hour law. Plaintiffs and one of the Defendants have now agreed to resolve the dispute between them that has been litigated in this matter.

  In June of 2023, following a settlement conference before Magistrate Judge Anderson, the Parties entered into a settlement agreement (the "First Settlement Agreement") that required Plaintiff's' direct employer, Defendant J A G Contractors, Inc. ("JAG") and its owner, Defendant Josue Guzman, to pay Plaintiffs a total of $80,000. The third defendant in this case, Hensel Phelps Development LLC ("Hensel Phelps"), was not obligated to make any payment under that agreement. The First Settlement Agreement would have released all Defendants and caused this case to be dismissed in its entirety. The amount to be paid to Plaintiffs' counsel in fees and costs was to be negotiated separately. Magistrate Judge Anderson approved the First Settlement Agreement on August 2, 2023, finding that "that the terms of the settlement are a fair

and reasonable resolution of a bona fide dispute under the FLSA pursuant to 29 U.S.C. § 216(b)." Dkt. 54.

Unfortunately, after paying Plaintiffs slightly more than half of the $80,000 that was owed under the First Settlement Agreement, JAG and Guzman defaulted and JAG filed for bankruptcy. This case is currently stayed at the request of a defendant because of that bankruptcy. Dkt. 56.

In early March 2024 Plaintiffs and Defendant Hensel Phelps agreed on a settlement between themselves only (the "Second Settlement Agreement") that, if approved, would result in Hensel Phelps being dismissed from this lawsuit with prejudice. That agreement, a copy of which accompanies this motion, provides that Hensel Phelps will pay Plaintiffs $38,670. As a result of this payment, Plaintiffs will receive the full amount that they would have received if Defendants JAG and Guzman had not defaulted on their obligations under the First Settlement Agreement. The proportionate allocation of the settlement among the Plaintiffs will remain the same as that provided for in the First Settlement Agreement. The Second Settlement Agreement also provides that Plaintiffs' counsel, who have so far not received any compensation for their work or out-of-pocket expenses, will receive $120,000. The settlement provides that Plaintiffs' claims against Hensel Phelps (and persons affiliated with it) will be released, but Plaintiffs' claims against the two other Defendants will not be affected. Each Plaintiff has indicated his approval of the Second Settlement Agreement by signing it.

The Second Settlement Agreement is fair and reasonable. In approving the First Settlement Agreement Magistrate Judge Anderson necessarily found that the $80,000 to be received by the Plaintiffs was appropriate. Moreover, the amount of attorneys' fees (and litigation expenses) to be paid to Plaintiffs' counsel was negotiated at arm's length between

Plaintiffs' counsel and Hensel Phelps, which had every incentive to minimize the amount it was obligated to pay. Furthermore, the fees amount—$120,000—was agreed to in pre-bankruptcy settlement discussions between Plaintiffs' counsel and Defendants JAG and Guzman, though there was never an agreement on the time period in which that payment would be made. The amount Plaintiffs' counsel will receive is significantly less than their actual fees. Plaintiffs calculated their fees to be $231,991.32 in mid-September 2023 under then current rates. Plaintiffs believe that their attorneys are entitled to recover from Defendants JAG and Josue Guzman the difference between the amount they will be paid under the Second Settlement Agreement and their actual reasonable fees and costs, but the Court need not address that issue at this time.

Plaintiffs respectfully request that the Court issue an order that:

- Approves the Second Settlement Agreement;
- Orders that Defendant Hensel Phelps be dismissed from this matter with prejudice;
- Orders that Plaintiffs may request that Hensel Phelps be reinstated as a Defendant if it does not timely make the payment provided for in the Second Settlement Agreement;
- Provides that the Court retains jurisdiction over the Second Settlement Agreement and the Parties to it for purposes of enforcing the Second Settlement Agreement.
- Provides that the Second Settlement Agreement does not affect any rights that Plaintiffs or their attorneys may have against the Defendants not being dismissed.
- Lifts the current stay of this matter only for the purposes of affording the relief requested in this Motion.

Defendant Hensel Phelps agrees that this Motion should be granted. Counsel for Defendants JAG and Guzman has told the undersigned that he is unable to take a position on this matter, as he anticipates filing a motion to withdraw from this case. He has not indicated that he opposes the relief requested. As noted, the Second Settlement Agreement imposes no obligations on and affords no benefits to JAG or Guzman.

Dated: March 10 2024

Respectfully submitted,

/s/ Matthew B. Kaplan
Matthew B. Kaplan
VSB 51027
THE KAPLAN LAW FIRM PLLC
1100 N Glebe Rd
Suite 1010
Arlington, VA 22201
Telephone: (703) 665-9529
Email: mbkaplan@thekaplanlawfirm.com

Simon Wiener, admitted pro hac vice
HANDLEY FARAH & ANDERSON PLLC
68 Harrison Avenue, Suite 604
Boston, MA 02111
Telephone: (202) 921-4567
Email: swiener@hfajustice.com

*Counsel for Plaintiffs*

**Certificate of Service**

I hereby certify that, on the date indicated below, I filed the foregoing document (and any associated documents) via the court's electronic filing system, which will deliver it to counsel for all Parties who have appeared.

/s/Matthew B. Kaplan
Matthew B. Kaplan
Dated: March 10, 2024